**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

JOSEPH PATRICK CUVIELLO,

Plaintiff-Appellant,

v.

CITY OF BELMONT; et al.,

Defendants-Appellees.

No. 23-16135

D.C. No. 3:23-cv-00029-LB

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Laurel D. Beeler, Magistrate Judge, Presiding

Submitted May 16, 2024[**]
San Francisco, California

Before: S.R. THOMAS, CALLAHAN, and SANCHEZ, Circuit Judges.

Plaintiff-Appellant Joseph Patrick Cuviello appeals the district court's denial

of his motion for a preliminary injunction on his section 1983 retaliation claim

against Defendant-Appellee Brigitte Shearer, the head of the City of Belmont's

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Parks and Recreation Department. The district court had jurisdiction over

Cuviello's retaliation claim under 28 U.S.C. § 1331, and we have jurisdiction to

review the denial of a preliminary injunction under 28 U.S.C. § 1292. We review

the denial of a preliminary injunction for an abuse of discretion. *All. for the Wild

Rockies v. Cottrell*, 632 F.3d. 1127, 1131 (9th Cir. 2011) (citing *Lands Council v.

McNair*, 537 F.3d 981, 986 (9th Cir. 2008) (en banc)). We affirm the district

court's denial of a preliminary injunction on Cuviello's First Amendment

retaliation claim, and we dismiss the remainder of his appeal.[1] Because the parties

are familiar with the factual and procedural history of the case, we need not

recount it here.

To prevail on his preliminary injunction motion for his retaliation claim

against Shearer, it was Cuviello's burden to make a clear showing "[1] that he is

likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the

---

[1] Cuviello asks us to review the denial of a preliminary injunction on his other dismissed claims. Because the district court's dismissal did not adjudicate all claims, and gave Cuviello leave to amend his complaint, we do not have jurisdiction to review the underlying partial dismissal. Fed. R. Civ. Pro. 54(b) (orders that "adjudicate[] fewer than all the claims" are not final, appealable decisions); 28 U.S.C. § 1291; *WMX Tech., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). As Cuviello's claims stand dismissed, we (and the district court) lack the equitable powers to issue an injunction based on claims no longer in the complaint. *LA All. For Human Rights v. Cty. of Los Angeles*, 14 F.4th 947, 956 (9th Cir. 2021).

absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Poretti v. Dzurenda*, 11 F.4th 1037, 1047 (9th Cir. 2021) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008)); *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). Because "[l]ikelihood of success on the merits is 'the most important' factor; if a movant fails to meet this 'threshold inquiry,' we need not consider the other factors." *California v. Azar*, 911 F.3d 558, 575 (9th Cir. 2018) (quoting *Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017)).

Cuviello argues that because his retaliation claim survived dismissal and the district court determined he established a prima facie case of retaliation, it follows that he is likely to succeed on the merits of his claim. But the standard for a motion to dismiss—whether Cuviello's complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'"—is not a "probability requirement" akin to the preliminary injunction standard. *Ashcroft v. Iqbal*, 556 U.S. 662, 663, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 570 (2007)). The district court found Cuviello need only make "a minimal threshold showing of retaliation" for a prima facie case, not a showing that he was likely to succeed on that retaliation claim. *See Emeldi v. Univ. of Oregon*, 698 F.3d 715, 724 (9th Cir. 2012) (discussing analogous

3

retaliation standard in Title IX context). Because these standards are not coextensive, Cuviello's success on a motion to dismiss does not clearly establish that he is likely to succeed on the merits of his claim.

The district court did not abuse its discretion in denying the motion for a preliminary injunction. Cuviello failed to make a clear showing that the City's desire to chill his speech was the "but-for" cause of the pause on his volunteer activities, as required for a First Amendment retaliation claim. *Nieves v. Bartlett*, 139 S. Ct. 1715, 1722 (2019). The district court fairly credited Shearer's declaration that she stopped activities for the Waterdog Trailkeepers as well as Cuviello's group, the Friends of Waterdog, to align both groups' invasive species removal with best practices in open space management. Because Cuviello cannot clearly establish a likelihood of success on the merits, we do not reach the remaining elements. The district court did not err in denying Cuviello a preliminary injunction.

**AFFIRMED in part; DISMISSED in part.**